**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| REGAN REED, | : | CIVIL ACTION NO. |
| BOP Reg. # 56535-019, | : | 2:11-CV-65-WCO-SSC |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
|     v. | : | 2:05-CR-11-WCO-SSC-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Before the Court are the Motion for Ineffective Assistance of Counsel Pursuant to Title 18 U.S.C. § 3006(A) [Doc. 245] and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 246] filed by Movant Regan Reed, a federal prisoner. For the reasons set forth below, the undersigned **RECOMMENDS** that these motions, construed together as a single § 2255 motion, be **DISMISSED** as time-barred.

## I.   Procedural History

On June 14, 2006, this Court sentenced Mr. Reed to a 240-month term of imprisonment following his plea of guilty to a charge of conspiracy to possess with intent to distribute cocaine. (Doc. 167 at 1-2). Mr. Reed did not file a direct appeal. On March 14, 2008, the Court, in response to the Government's Motion Pursuant to Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e) [Doc. 186] to reduce Mr. Reed's sentence, reduced his term of imprisonment to 168 months based on the substantial assistance he had provided to the Government. [Doc. 195]. On

July 16, 2010, Mr. Reed filed a motion to compel the Government to again seek a reduction in his sentence. [Doc. 243]. The Court denied that motion on August 13, 2010. [Doc. 244].

Mr. Reed's motion for ineffective assistance of counsel [Doc. 245] and motion for § 2255 relief [Doc. 246] were docketed on March 11, 2011. In the former, Mr. Reed seeks "assistance in recovery of property [and money paid as attorney's fees] and adjustment in [his] sentence based on the plea agreement that was signed between the Government and [him] on December 20, 2005." (Doc. 245 at 2, 18). In the § 2255 motion, Mr. Reed claims that (1) his guilty plea was "unlawfully induced" because "the [G]overnment did not hold up [its] end of [his plea] agreement" and (2) he was sentenced without receiving credit for the assistance he provided to the Government in apprehending "very large drug dealers." (Doc. 246 at 4).

## II. **Discussion**

A prisoner challenging his federal sentence while in custody ordinarily must file a motion "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a); see also United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) ("Because [appellant] was in custody within the meaning of § 2255 when he filed his [coram nobis] petition in the district court, coram nobis relief was unavailable to him, and § 2255 was his exclusive remedy."). Accordingly, the Court construes Mr. Reed's

2

motions as a single 28 U.S.C. § 2255 motion challenging his 2006 sentence and concludes that the motion is time-barred.

A one-year statute of limitations applies to a § 2255 motion, and it runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Absent one of the circumstances set forth in subparagraphs two through four above, none of which are relevant here, the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final. See id. Mr. Reed's judgment of conviction was entered on the docket on June 15, 2006.[1] (See CM/ECF Docket; Doc. 167). Because Mr. Reed did not file a direct appeal, his judgment of conviction became final on June 29, 2006. See Fed. R. App. P. 4(b)(1)(A), (b)(6) (stating that a defendant in a criminal case must file his

---

[1] The judgment was signed by the district judge on June 14, 2006.

AO 72A
(Rev.8/82)

notice of appeal within 14 days after the later of the government's filing a notice of appeal or the "entry" of judgment, and defining "entry" of judgment as "entered on the criminal docket"); Murphy v. United States, 634 F.3d 1303, 1305, 1307 (11th Cir. 2011) (stating that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires," and noting that when the appellant in that case was sentenced in 2004 he "had ten days to file an appeal" (citing Fed. R. App. P. 4(b)(1)(A) (2005) (amended 2009))).[2] Moreover, "a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction' and does not alter the 'date on which the judgment of conviction becomes final' for the purposes of the statute of limitations." Murphy, 634 F.3d at 1309. Thus, Mr. Reed's March 2008 sentence reduction under Rule 35(b) did not affect the finality of his June 15, 2006 judgment of conviction for purposes of § 2255's statute of limitations, and unless equitable tolling applies, the one-year federal limitations period for Mr. Reed's § 2255 motion expired on June 29, 2007.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable

---

[2] Nevertheless, Fed. R. App. P. 26(a)(2), as amended in 2002, provided that weekends and holidays were excluded for periods of less than 11 days, so that Mr. Reed actually had fourteen days to file his appeal. As noted, under the current rules, a defendant has fourteen days to appeal. See Fed. R. App. P. 4(b)(1)(A) (2009).

even with diligence," <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999), but the movant carries the "burden of establishing entitlement to this extraordinary remedy," <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1237 (2003).  Mr. Reed states that before he filed his § 2255 motion he "had to study and review the legal options and rights that were violated" and "to read and do investigative work regarding other cases similar to [his] because [he has] no money to hire a lawyer." (Doc. 246 at 3).  However, "ignorance of the law is [an] insufficient rationale for equitable tolling." <u>Jones v. United States</u>, 304 F.3d 1035, 1044 (11th Cir. 2002) (citing <u>Felder v. Johnson</u>, 204 F.3d 168, 171-73 (5th Cir. 2000)), <u>cert. denied</u>, 538 U.S. 947 (2003); <u>see also</u> <u>Beachum v. McNeil</u>, No. 5:07cv266/RS/MD, 2009 U.S. Dist. LEXIS 128274, at *7 (N.D. Fla. Jan. 23, 2009) (noting, with regard to a 28 U.S.C. § 2254 petition, that "the reasons petitioner proffers for his delay, lack of counsel and lack of legal training, do not constitute 'extraordinary circumstances' " that warrant equitable tolling (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991))), <u>adopted by</u> 2009 U.S. Dist. LEXIS 16723 (N.D. Fla. Mar. 2, 2009).  Because "the principles developed in habeas cases also apply to § 2255 motions," <u>Gay v. United States</u>, 816 F.2d 614, 616 n.1 (11th Cir.), <u>cert. denied</u>, 484 U.S. 861 (1987), equitable tolling does not apply here, and Mr. Reed's § 2255 motion—due by June 29, 2007 but docketed on March 11, 2011—is therefore untimely by almost four years.

AO 72A
(Rev.8/82)

### III.    **Certificate of Appealability**

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate.  See 28 U.S.C. §§ 2253(c)(1)(B), 2255(d). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted).  Because it is not debatable that Mr. Reed's § 2255 motion is time-barred, a certificate of appealability should not issue in this matter.

### IV.    **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS as time-barred** Mr. Reed's Motion for Ineffective Assistance of Counsel Pursuant to Title 18 U.S.C. § 3006(A) [Doc. 245] and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 246], and **DENY** Mr. Reed a certificate of appealability.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 29th day of May, 2012.


*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)