IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 2:05-CR-011-01 |
| REGAN REED, | : |
| Defendant. | : |

**AMENDED DEFENDANT'S MOTION FOR
RESENTENCING UNDER U.S.S.G. AMENDMENT 782**

The defendant moves the Court for resentencing under U.S.S.G. Amendment 782, and in support thereof states as follows:

1. The United States Sentencing Commission promulgated Amendment 782, effective November 1, 2014, whereby the Commission lowered the penalties for most drug offenses by reducing offense levels on the Sentencing Guidelines Section 2D1.1 Drug Quantity Table by two levels. Under Amendment 788, Amendment 782 may be applied retroactively.

2. Given this mandate, defense counsel has reviewed the defendant's case file to determine if he is eligible for resentencing. After this review, defense counsel has concluded that the defendant is indeed eligible under the law for resentencing because Amendment 782 lowers his base offense level.

3. The defendant pled guilty to conspiracy to distribute 5 or more kilograms

of cocaine under 21 U.S.C. §846. His guilty plea subjected him to a recidivist enhancement under 21 U.S.C. §851, making the statutory mandatory minimum sentence 20 years under 21 U.S.C. §841(b)(1)(A)(ii).

    4. The defendant's original guideline range was calculated as follows:

> Base offense level: 36
> Total offense level: 33
> Criminal history category: III
> Custody guideline range: 168-210 (***But mandatory minimum 240 month guideline range under U.S.S.G. §5G1.1(b)***)

On June 14, 2006, the defendant was sentenced to 240 months imprisonment. [Doc. 167].

    5. On December 19, 2007, the government filed a motion to reduce the defendant's sentence under Rule 35 and 18 U.S.C. §3553(e). [Doc. 186]. That motion was based on the defendant's substantial assistance. On March 14, 2008, the Court granted the government's motion and, no longer limited by a statutory mandatory minimum, reduced the defendant's custody sentence to **168 months**. [Doc. 195].

    6. Amendment 782 changes the defendant's guideline calculations to the following:

> Base offense level: 34
> Total offense level: 31
> Criminal history category: III
> Amended custody guideline range: 135-168 months (no mandatory minimum)

      7.  Applying U.S.S.G. §1B1.10(c) and Note 4(B), as the defendant's sentence was reduced from 240 months to 168 months for his substantial assistance, a reduction of approximately 30%, the Court may deem it appropriate to impose an amended sentence between 95 and 118 months, which would represent an approximately 30% reduction from the amended custody guideline range.

      But it is important for the Court to be aware that even a sentence reduction to the bottom of the amended guideline range (135 months) should result in the defendant's immediate release from BOP custody for time-served when the amended sentence becomes effective as of November 1, 2015.

      WHEREFORE, the defendant prays that the Court reduce his sentence to no more than 135 months.

                              Respectfully submitted,

                              */s/ Steven H. Sadow*
                              STEVEN H. SADOW
                              Georgia Bar No. 622075
                              Attorney for Defendant

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400

CERTIFICATE OF SERVICE

I hereby certify that on February 26 , 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system that will automatically send e-mail notification of such filing to all parties of record.

*/s/ Steven H. Sadow*
STEVEN H. SADOW